Joey DeLeon, Esq. (SBN 150974)
3501 Jamboree Road, North Tower, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 509-423l, Facsimile: (949) 725-0619
Attorneys for Downey Savings And Loan Association, F.A.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

In re:

LISA MICHELLE MINI

Debtor(s)

**CHAPTER: 11**

**CASE NO.: 08-12600- AJ**

**OBJECTIONS TO DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

Hearing Date:   6/5/09 @ 9:00 a.m.
Location:   99 South "E" St., Santa Rosa, CA
Judge:   A. Jaroslovsky

DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A. ("Downey") objects to Debtor's proposed Chapter 11 Plan of Reorganization. Downey is the holder of a Promissory Note secured by a first Deed of Trust recorded on 2/17/2005 on real property at **589 Trancas St. #C, Napa, CA** (the "Property"). True and correct copies of Downey's Note and Deed of Trust are attached as **Exhibits "A" and "B"** hereto. Downey's objections are as follows:

I.

**THE WITHIN CASE IS NOT FILED IN GOOD FAITH**

The borrower under Downey's loan is **Michael Venuta**. According to information of public record available to Downey, Mr. Venuta transferred the Property to the within Debtor, Lisa Mini, by

Grant Deed recorded 12/21/2007 (a true and correct copy of the Grant Deed is attached as **Exhibit "C"** hereto). The Debtor, who is a stranger to Downey and who has no contractual relationship whatsoever with Downey, is attempting to modify the terms of Downey's loan to which she is not even a party, and to create a contractual relationship with Downey where none currently exists!

Paragraph 18 of Downey's Deed of Trust provides that if all or any part of the Property, or any interest therein, is sold or transferred without Downey's prior written consent, Downey may require the immediate payment in full of all sums secured by the Deed of Trust. The transfer of the Property from Mr. Venuta to Lisa Mini, was done ***without Downey's prior consent as required by paragraph 18 of Downey's Deed of Trust***. As a result, Downey has the right to call the entire secured indebtedness all due and payable. Further, the Bankruptcy Code provides that if a case involves a transfer of an ownership interest in real property without the consent of the secured creditor, the case is deemed to be part of a scheme to delay, hinder, and defraud creditors;

> "(d) On request of a party in interest, and after notice and a hearing, the court <u>shall</u> grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either –
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; . . ."

§362(d)(4)

Debtor should not be permitted, by virtue of an unconsented to transfer of the Property, to create a contractual relationship with Downey out of thin air. Therefore, confirmation of Debtor's Plan should be denied.

///

## II.

### THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION

The regular monthly payment on Downey's loan is currently **$15,942.88**. According to Debtor's own declaration dated 3/5/09 filed in support of her motion to use cash collateral (a true and copy of which is attached as **Exhibit "D"** hereto), (a) the Property is used as a seasonal vacation rental during the summer months, and does <u>not</u> normally have tenants in the winter months, (b) during the period that the Property will likely rent, the rent is typically $7,000 - $11,000.00 per month, and (c) <u>in addition to</u> the regular monthly payment to Downey, the operating expenses for the Property are $4,892.00 per month (a true and correct copy of the Debtor's operating budget, which was attached as Exhibit "A" to Debtor's motion to use cash collateral of the Property, is attached as **Exhibit "E"** hereto). In addition, at the hearing on the Debtor's motion to use cash collateral, Debtor's counsel admitted that the Property is not currently rented. Based on the Debtor's own declaration and the representation of Debtor's counsel to the Court, the Property is currently generating <u>no income whatsoever</u>, and even <u>when and if it does</u>, the income is not sufficient to make the payments on Downey's 1st Deed of Trust and the monthly operating expenses for the Property, let alone any surplus income to help fund the Chapter 11 Plan. Therefore, the Property is not necessary for an effective reorganization, and confirmation of the Plan should be denied.

### III

### THE VALUE OF THE PROPERTY IS HIGHER
### THAN AS PROPOSED BY DEBTOR

According to Debtor's Schedule A (a true and correct copy of which is attached as **Exhibit "F"** hereto), the value of the Property is **$890,000.00**. However, according to the Broker's Market Valuation/Price Opinion prepared for Downey by Dan Cruz of RealServ, Inc. dated 3/10/09, the fair

market value of the Property is between **$925,0000.00 and $950,000.00** (a true and correct copy of the Broker's Price Opinion is attached as **Exhibit "G"** hereto). As of the petition filing date, the total indebtedness owed to Downey was **$1,571,832.93** (a true and correct copy of Downey's Proof of Claim filed in this case is attached as **Exhibit "H"** hereto). To the extent that Debtor believes that the Property is worth less than $925,000.00, then Downey should be given an opportunity to conduct an interior inspection and appraisal of the Property.

Respectfully submitted.

DATED: April 23, 2009 .   /s/ *Joey DeLeon* .
Joey DeLeon, Esq.
Attorney for Downey Savings and Loan Assn.