MARK K. OTO, SBN 100058
Law Offices of Mark K. Oto
255 N. Market Street, #260
San Jose, California 95110
Tel.: (408) 993-0303

JOEY DELEON Esq. (SBN #150974)
3501 Jamboree Road, North Tower, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 509-4231, FAX (949) 725-0619

Attorney for Creditor
DOWNEY SAVINGS LOAN ASSOCIATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | CASE NO. 08-12600 |
| | ) | |
| LISA MICHELE MINI | ) | CHAPTER 11 |
| | ) | |
| | ) | EX PARTE APPLICATION FOR |
| Debtor, | ) | TEMPORARY PROTECTIVE ORDER |
| _____ / | | PURSUANT TO FRCP26(c) AND |
| | | MEMORANDUM OF POINTS AND |
| | | AUTHORITIES IN SUPPORT OF |
| | | APPLICATION FOR PROTECTIVE ORDER |

**I.**
**DOWNEY SAVINGS AND LOAN ASSOCIATION HEREBY APPLIES TO THE COURT, EX PARTE, FOR A PROTECTIVE ORDER QUASHING OR CONTINUING THE DEPOSITION AND DOCUMENT PRODUCTION FOR THE FOLLOWING PERSONS: 1. MELANIE MANALANSAN, 2. DAN CRUZ, 3. PERSON MOST KNOWLEDABLE-BAD FAITH, 4. PERSON MOST KNOWLEDGABLE LISA MINI**

1. Lisa Mini is the Chapter 11 Debtor in possession. Downey Savings and Loan Association (hereinafter "Downey") provided a First loan and Deed of Trust for property located at 589 Trancas St. #C, Napa California 94558. Downey's Note and Deed of Trust is <u>not</u>

MKO.LISA.APP     1     EX PARTE APLPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES

with the Debtor. Downey's borrower is Michael Venutua. The original amount of Downey's loan is $1.3 Million.

2. Confirmation is under way in this case. The Debtors disclosure statement has been approved and Downey has filed objections to confirmation of the Debtors plan. The Confirmation hearing is set for July 9, 2009, with Downey's declaration on its objection is due on July 6, 2009.

3. The original hearing on confirmation was had on June 5, 2009. The Court then continued the hearing to the July 9 hearing date. Recently, counsel for Downey Joey DeLeon, received on June 22, 2009, four Deposition Notices for the following persons:

A. Melanie Manalansan

B. Person most knowledgeable bad faith

C. Person most knowledgeable Lisa Mini

D. Dan Cruz

4. With the exception of Dan Cruz, the remaining three Deposition Notices also request documents. The deposition of Manalansan requests over 14 categories of documents. The deposition of the person most knowledgeable (bad faith) contains 2 categories of documents. The person most knowledgeable Lisa Mini contains 6 categories of documents. The Deposition Notices are dated June 15, 2009. There are no proof of services attached to any of the documents.

5. Downey Savings and Loan Association is not aware of an employee by the name of Dan Cruz. Mr. Cruz's is believed to be the person who provided a brokers price opinion on the real property. He is not an employee of Downey Savings Loan Association or U.S. Bank and will require a subpoena.

LAW OFFICES OF
**MARK K. OTO**
255 NORTH MARKET STREET
SUITE 260
SAN JOSE, CALIFORNIA 95110
TELEPHONE (408) 993-0303

6. Downey is unable to produce the individuals requested by the Debtor by June 25 and June 26 as well as produce the numerous categories of documents. Among the documents requested are: "any and all procedural manuals of Downey Savings which relate to collection of past due amounts on loans in the same or similar class to the subject loan, any and all title reports, loan applications, credit applications and other documents which were provided to Downey Savings by the borrower on the subject loan."

7. <u>Attempts to resolve.</u> Joey DeLeon, counsel for Downey Savings Loan Association received the Deposition Notices on June 22, 2009. On that date, she contacted David Chandler and explained that the Depositions were not practical and nor could Downey produce any documents in time for the depositions. Mr. Chandler indicated that he would only be willing to continue the deposition if counsel for CTX, (another loan on a different property owned by the Debtor) was willing to continue the depositions and confirmation in this matter. Mr. Chandler indicated that he would be willing to take the depositions of Downey's personnel on the 24 and 25 of August, confirmation could be held thereafter. If not, Mr. Chandler indicated a Protective Order would be needed. Ms. DeLeon then proceeded to contact counsel for CTX and at the time of the preparation of this application, counsel for CTX was unavailable or unwilling to continue the depositions.

8. The Court will further note that counsel for Downey, Joey DeLeon, has no record of any attempt to meet and set deposition dates and had no knowledge of any intention on the part of the Debtor to set depositions prior to June 22, 2009. Simply put, three or four days of actual notice is insufficient time to compel personnel located in Orange County to attend a deposition in Santa Rosa with a full complement of documents. Due to Debtors resistance to continue this matter, Downey has no choice but to request a protective order quashing the

MKO.LISA.APP 3 EX PARTE APLPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES

Case: 08-12600 Doc# 60 Filed: 06/23/09 Entered: 06/23/09 14:28:54 Page 3 of 5

Deposition Notices and requiring Debtors counsel to reissue the deposition at a reasonable time and place.

9. **Certification of good faith.** The undersigned hereby represents to the Court that Downey and counsel have made numerous attempts to resolve the matter contained in the application without the necessity of Court action and this application is due to the failure of those attempts.

## II. MEMORANDUM OF POINTS AND AUTHORITIES
## FRCP26(c) PROVIDES TEMPORARY PROTECTIVE ORDER IN GOOD FAITH ATTEMPT TO RESOLVE MATTER WITHOUT COURT ACTION.

1. As the Court is well, FRCP26(c) provides:

(C) **Protective Orders.**

**(1) In General.** A party or any person from who discovery is sought may move for a protective order in the Court where the action is pending-or as an alternative on matters relating to a deposition, in the Court for the district where the deposition will be taken. The motion must include a certification that the Movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place, for the disclosure of discovery.

2. This is a matter where Debtors are taking four depositions. The Deposition Notices were received on June 22, 2009. The Deposition Notices set two depositions on June 25 and two depositions on June 26. Categories of documents are requested in three out of the four depositions. Some categories are burdensome and excessive. Downey simply has no ability to comply with deposition and document request with less then 3-4 days. Debtors counsel did not provide any communication which requested tentative dates of deposition or even notify Downey's counsel that they had intended to take the deposition of certain employees. The last

confirmation hearing was held on June 5, 2009 with ample time to provide notice of the discovery now sought by Debtors counsel.

The Deposition Notices seem to be recently served, signed by Debtors counsel on June 15, 2009. There is no certificate of service attached to any of the Deposition Notices.

Attempts to meet and confer with Debtors counsel produced a willingness to continue each of the matters until August, with confirmation to be continued from July 9 to a September date as long as counsel for another lender, CTX, agreed to the continuance. As a result, this put an unfair burden on Downey to seek a continuance, or obtain a protective order. This lack of cooperation is without logic and justifies an award of expenses pursuant to Rule 37(a)(5).

Law Office of Mark K. Oto

Dated: _____6/23/09_____     /s/Mark K. Oto_____
                                    Mark K. Oto
                                    Attorney for Downey Savings Loan
                                    Association