UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LISA MICHELLE MINI,  No. 08-12600

                   Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

      Chapter 11 debtor in possession Lisa Mini was in a personal relationship with Michael Venuta for 18 years. They did not marry, but they acquired property together, entered into business ventures together, and incurred debt jointly. In 1997, they purchased the property at 589 Trancas Street in Napa together, taking title as joint tenants. Over the years, the property was variously held in the name of one or the other or both. In 2005, they refinanced the property with a loan from creditor Downey Savings and Loan Association[1] in Venuta's name only. Shortly after refinancing, Venuta deeded the property back into both of their names as joint tenants again.

      Venuta and Mini broke up in 2006. As part of their agreement separating their relationship, Mini received the Trancas Street property.

      In the spring of 2008, Mini was experiencing financial problems and began discussions with

---

[1] Downey Savings has since failed. The real party is now U.S. Bank Association, as successor in interest to the FDIC. For simplicity's sake, the court refers to the creditor as "Downey Savings."

1

Downey Savings regarding modification of its loan. By this time, Downey Savings was fully aware that the property was Mini's alone and that she was making the payments. Downey Savings required her to make payments of $5,000.00 in April, 2008, and another $5,000.00 payment in May, 2008, in order to continue modification discussions.

Ultimately, Mini and Downey were not able to reach a modification agreement. Mini filed her Chapter 11 petition on December 3, 2008, just before Downey's scheduled foreclosure sale. Mini's Chapter 11 plan is now before the court. She proposes to write down Downey Savings' loan to the value of the property and amortize the payments over 30 years with a market rate of interest and a 20-year maturity. Downey Savings objects. It does not express any objection with its proposed treatment under the plan, nor the interest rate, and the parties have agreed and stipulated to the value of the property. The sole issue is whether the due-on-sale clause in the deed of trust bars Mini from confirming a plan which modifies Downey Savings' rights.

Factually, the court has no difficulty finding that Downey Savings has waived its rights under the due-on-sale provision by its prepetition conduct. It was aware of all of the circumstances for several months before the bankruptcy, and with full knowledge required Mini to make $10,000.00 in payments in order to keep the modification negotiations going forward. Waiver may result from conduct "which, according to its natural import, is so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that such right has been relinquished." *Rubin v. Los Angeles Fed. Sav. & Loan Assn.,* 159 Cal.App.3d 292, 298 (1984). It would be unfair and inequitable, in light of Downey's prepetition conduct, to allow the due-on-sale provision to now trump Mini's attempts to reorganize.

Moreover, the court concludes as a matter of law that as long as there is not bad faith (e.g. a transfer on the eve of bankruptcy solely to attempt a modification), which is not present here, a due-on-sale clause does not prevent modification of a loan even when the debtor is not the named borrower. In reorganization proceedings, essentially all defaults are curable. 11 U.S.C. § 1123(a)(5)(G); *In re Entz-White Lumber and Supply*, *Inc.*, 850 F.2d 1338, 1341 (9th Cir.1988). This includes breaches of a

2

due-on-sale clause in a deed of trust. *In re Garcia*, 276 B.R. 627, 638 (Bkrtcy.D .Ariz.2002). Violation of the due-on-sale clause gives Downey Savings a right to compensation for any economic loss, not a right to void any attempt at reorganization.

It appearing that Downey Savings' treatment under the plan is fair and reasonable, and that all of the requirements of § 1129(a) of the Bankruptcy Code have been met, the plan will be confirmed. Counsel for Mini shall submit an appropriate form of order.

Dated: November 7, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge